UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ANN BOWERS, | Case No. 6:25-cv-01615-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Plaintiff Ann Bowers brings this action alleging claims arising from an insurance policy dispute with Defendant State Farm Fire & Casualty Company ("State Farm"). Compl., ECF No. 1. Before the Court is Defendant's Motion to Dismiss. ECF No. 9. For the reasons below, Defendant's motion is granted and Plaintiff's negligence per se claim is dismissed with leave to amend.

**BACKGROUND**

Plaintiff owned property in Vida, Oregon, which included a single-family structure, other structures, and personal property. Compl. ¶¶ 5-6. Plaintiff purchased a homeowners insurance policy from Defendant under which Defendant "promised to provide coverage for direct physical loss to Bowers' Structure, personal property, and other structures, debris removal coverage, building ordinance or law coverage…, trees, shrubs, and plants, temporary repairs, and other

Page 1 — OPINION AND ORDER

coverages set forth in the Policy." *Id.* ¶¶ 8-10. On September 9, 2020, Plaintiff suffered a "direct accidental physical loss to property covered by the Policy." *Id.* ¶ 11. Plaintiff filed a claim, and Defendant assigned a claim number, accepted the claim, opened an investigation, accepted coverage, evaluated damages, and ultimately issued partial payments. *Id.* ¶¶ 14-23. Plaintiff alleges that Defendant failed to pay her full entitlement under the policy. *Id.* ¶ 30.

Plaintiff filed this lawsuit on September 8, 2025, alleging two breach of contract claims, a breach of implied covenant claim, and a negligence per se claim. *Id.* ¶¶ 27-62. As relevant to this motion, Plaintiff's negligence per se claim alleges that Defendant "negligently performed its obligations under O.R.S. 746.230 in its review, investigation, and eventual decision to underpay insurance benefits." *Id.* ¶ 53. She alleges that as a result of Defendant's negligent claims handling, she suffered physical and mental injury in the amount of $25,000. *Id.* ¶ 61.

## STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers*, 869 F.3d 795 at 800. The court need not, however, credit the

plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

Defendant moves to dismiss Plaintiff's negligence per se claim ("Claim #4"), arguing that it is barred under the applicable statute of limitations. The Court addresses (I) the parties' arguments regarding procedural deficiencies in the filing of the motion and response; (II) the merits of Defendant's motion; and, because the Court dismisses Plaintiff's negligence per se claim as untimely, (III) whether to allow leave to amend.

## I.     Procedural Deficiencies

As an initial matter, both parties fault the other for failing to comply with local rules and ask the Court to disregard or deny filings on that basis. Plaintiff asks the Court to deny Defendant's motion for failure to comply with Local Rule 7-1(a)'s conferral requirement. Plaintiff notes that Defendant's conferral attempts consisted of a sole email, sent less than six hours before Defendant filed its motion to dismiss, asking if Plaintiff would voluntarily amend her Complaint to withdraw the claim at issue. *See* Gower Decl. Ex. 2, ECF No. 12. The Court

Page 3 — OPINION AND ORDER

agrees that this email does not satisfy Local Rule 7-1(a), which requires a "good faith effort through personal or telephone conferences to resolve the dispute."

Defendant attempts to excuse its failure to confer by noting a "unique timeline" under which Defendant's deadline to respond to the Complaint fell immediately after the holidays. Def.'s Reply 7. But Defendant had weeks before the holidays to review the Complaint and confer with Plaintiff on any deficiencies, and the "unique timeline" created by the extension was at Defense counsel's own request. S*ee* Gower Decl. Ex. 1. The fact that Defense counsel failed to plan around the holidays and instead waited until the day Defendant's responsive pleading was due does not excuse failure to comply with the local rules. Defendant's failure is particularly egregious here, where the record indicates that Defense counsel did not even attempt to call Plaintiff's counsel. Gower Decl. ¶¶ 4-6.

However, Defendant is correct in its assertions that Plaintiff also violated local rules by filing her response to Defendant's motion more than 14 days after Defendant's motion was filed. *See* Local Rule 7-1(e)(1) (requiring a response to be served within 14 days after service of motion). Indeed, the Court is aware of Defendant's failure to confer only because it reviewed Plaintiff's untimely filed response. Both parties violated procedural rules. If the Court denies Defendant's motion today, Defendant will undoubtedly refile the same motion after proper conferral with Plaintiff. If the Court disregards Plaintiff's response to Defendant's motion to dismiss, the Court would render the same decision on Defendant's motion as if it had considered Plaintiff's response. The parties' failure to comply with the rules has wasted enough of the Court's time. In the interest of judicial efficiency, the Court considers Defendant's motion and Plaintiff's response. The Court advises counsel to do better. The Court's conferral requirement serves an important function in "encourag[ing] parties to resolve amicably disputes when

possible, preserving judicial resources for those matters that require the court's intervention."

*Thompson ex rel. Thorp Fam. Charitable Remainder Unitrust v. Federico*, 324 F. Supp. 2d 1152,

1172 (D. Or. 2004). Likewise, parties must be equally held to briefing deadlines to ensure

fairness and promote the efficient resolution of matters before the Court. Parties may seek

reasonable extensions for good cause if they comply with the rules and this Court's Case

Management Order. *See* ECF No. 4 at 2-3. Future untimely filings will not be considered.

## II.    Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's negligence per se claim as barred by Or. Rev.

Stat. § ("ORS") 12.110(1)'s two-year statute of limitations. Plaintiff contends that the claim is

not time barred because (A) the claim is subject to the six-year statute of limitations period under

ORS 12.080(3), not the two-year period under ORS 12.110(1); and (B) even if the two-year

statute of limitations applies, Defendant's ongoing conduct through September 2025 renders her

negligence claim timely.

### A.    Applicable Statute of Limitations

Defendant argues that Plaintiff's negligence claim is subject to ORS 12.110(1), which

provides a two-year limitation period for actions "not arising on contract, and not especially

enumerated in this chapter." Plaintiff contends that one such "especially enumerated" limitations

period applies to this case, and that ORS 12.110(1) therefore does not apply. Specifically,

Plaintiff argues for the application of ORS 12.080(3), which provides that "[a]n action for waste

or trespass upon or for interference with or injury to any interest of another in real property . . .

shall be commenced within six years." ORS 12.080(3), (4).

The Oregon Supreme Court has explained that in deciding whether an action is subject to

ORS 12.080(3), the question is whether it alleges interference with an "interest" in real property

as "distinct from an injury or damage to the property itself." *Goodwin v. Kingsmen Plastering,*

*Inc.*, 359 Or. 694, 701 (2016). In *Goodwin*, the Oregon Supreme Court held the six-year statute of limitations under ORS 12.080(3) did not apply because the construction defect claim in that case alleged damage to property, not any harm to an interest in the property. By contrast, in *Beveridge v. King*, the Oregon Supreme Court held that ORS 12.080(3) did apply to a claim involving negligent construction in which the defendant builder held legal title to the property as security for the payment of the purchase price. 292 Or. 771, 778 (1982).

The claim at issue in this case is entitled "Claim #4—Negligence—Violations of O.R.S. 746.230," and it alleges that Defendant had a statutory duty of care that it violated when it "negligently performed its obligations under O.R.S. § 746.230 in its review, investigation, and eventual decision to underpay insurance benefits." Compl. ¶ 53. Plaintiff's allegations focus entirely on Defendant's conduct regarding Plaintiff's insurance policy, alleging that it amounts to negligence per se based on ORS 746.230, which enumerates unfair claim settlement practices for insurers. Plaintiff alleges physical injury and emotional distress. *Id.* ¶ 61. Plaintiff does not allege that Defendant's negligent conduct interfered with Plaintiff's interest in her property. Having the benefits of an insurance policy does not further provide interest in the underlying real property. This is distinct from *Beveridge*, where the defendant held an interest in the property itself. Nonpayment of an insurance policy does not result in a transfer of property ownership, nor does it prevent the policyholder from continuing to hold their interest in the underlying real property. The six-year limitations period set forth in ORS 12.080(3) does not apply because the action is not one for interference with or injury to a property interest. Plaintiff's negligence claim is subject to the two-year limitations period set out in ORS 12.110(1) because it does not arise on contract and is not subject to any other enumerated limitations period.

Page 6 — OPINION AND ORDER

**B.      Application of the Statute of Limitations**

The statute of limitations begins to run on the date a claim accrues. *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). "[T]he statute of limitations does not begin to run until a reasonably prudent plaintiff perceives both the injury and the role that the defendant has played in that injury." *T.R. v. Boy Scouts of America*, 344 Or. 282, 291-92 (2008). The Court has already determined that Plaintiff's negligence claim is subject to a two-year limitations period. Plaintiff argues that, even under the two-year statute of limitations, her claims are timely because Defendant's negligent acts were ongoing. She notes in her response that Defendant refused in September 2025 to honor her personal property loss submission, and that there were further delays on receiving benefits. Pl.'s Resp. 4. But those allegations do not appear in the Complaint. Indeed, other than the date the loss occurred, the Complaint contains no allegations as to the date she submitted her claim or the dates of any of the conduct underlying her Complaint. The only date alleged is the loss that occurred on September 9, 2020, well over two years before she filed her Complaint. Plaintiff's negligence claim is time-barred on the face of the Complaint and is therefore dismissed.

## III.    Leave to Amend

Fed R. Civ. P. 15(a)(2) provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments … with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr. Of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008)).

Here, Plaintiff seeks leave to amend while Defendant argues that "Plaintiff cannot allege any facts that would bring her claim within the two-year statute of limitations for a negligence claim." Def.'s Mot. 7. Defendant's futility argument is conclusory and inconsistent with its arguments that Plaintiff did not plead the facts she now states in her response to Defendant's motion. Plaintiff is granted leave to amend because it does not appear that amendment would be futile and there is no evidence of dilatory motive, bad faith, or prejudice to Defendant.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss (ECF No. 9) is GRANTED. Plaintiff's Claim # 4 is DISMISSED with leave to amend within 14 days.

DATED this 6th day of May 2026.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge